UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

– – – – – – – – – – – – – – – – – – – – – – – – – – – – – –X

|  |  |  |
|---|---|---|
| In re | : | Chapter 7 |
|  | : |  |
| QB WASH LLC *dba* BLVD AUTO SPA, | : | Case No. 21-40301-ess |
|  | : |  |
| Debtor. | : |  |

– – – – – – – – – – – – – – – – – – – – – – – – – – – – – –X

## STIPULATION *AND ORDER* CONCERNING PREPETITION TERMINATION OF NONRESIDENTIAL REAL PROPERTY LEASE

This stipulation (this "**Stipulation**") is an agreement between (i) David J. Doyaga, Sr., the Chapter 7 Trustee (the "**Trustee**") for the estate of QB Wash LLC *dba* Blvd Auto Spa (the "**Debtor**"), and (ii) 138-77 Queens Blvd LLC ("**Landlord**")[1], as the owner of the premises located at 138-77 Queens Boulevard and 138-11 87th Avenue, in Queens County, New York on which Debtor operated a car wash and automotive lube shop (the "**Premises**") under a nonresidential lease between the Landlord and Debtor, as tenant (the "**Lease**"), regarding prepetition termination of the Lease, the agreed facts and terms of which are enumerated as follows:

**WHEREAS**, on February 8, 2021 (the "**Petition Date**"), the Debtor commenced a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code (the "**Bankruptcy Code**");

**WHEREAS**, on or after the February 8, 2021 Petition Date, Debtor filed Schedules of Assets and Liabilities with its petition [Doc. 1] listing the Lease under Schedule G of executory contracts and unexpired leases, and listing $250,000.00 of outstanding arrears owed to Landlord pursuant to the Lease under Schedule E/F;

---

[1] Landlord and the Trustee, each a "**Party**" and collectively, the "**Parties.**"

**WHEREAS**, David J. Doyaga, Sr. was appointed Chapter 7 Trustee of the Debtor's bankruptcy estate;

**WHEREAS**, Debtor is no longer in possession of the Premises;

**WHEREAS**, the Trustee received the following information:

(i) prior to the Petition Date, on August 14, 2020 the monthly base rent under the Lease was reset to $21,729.00 pursuant to terms of the Lease;

(ii) on August 27, 2020 Landlord issued a notice to Debtor and asserted that, pursuant to the terms of the Lease, the Lease terminated effective September 3, 2020 due to Debtor's default, breach and failure or refusal to cure;

(iii) on September 4, 2020 Landlord commenced a commercial ejectment action against Debtor, in New York Supreme Court, Queens County, Index No. 715071/2020, to evict Debtor from the Premises;

(iv) the amount of outstanding arrears owed to Landlord under the Lease is no less than $350,000.00; and

(v) Landlord asserts claims against the Debtor and its estate for, among other things, the outstanding arrears owed to Landlord under the Lease and for post-petition use and occupancy;

**WHEREAS**, the Trustee, in the exercise of his reasonable business judgment, acknowledges that the Lease terminated prior to the Petition Date;

**WHEREAS**, the Parties have determined that it is in their best interests to resolve Landlord's claim for post-petition use and occupancy, as well as any possessory rights the Trustee or estate may have to the Premises, in order to avoid the expense, delay, and risk of further litigation.

**NOW THEREFORE, FOR GOOD AND VALUABLE CONSIDERATION WHICH THE PARTIES HERETO ACKNOWLEDGE RECEIVING, IT IS HEREBY STIPULATED AND AGREED AS FOLLOWS**:

1.      The Parties represent and warrant that they have full authority to enter into this Stipulation and to consummate the transactions provided by this Stipulation, subject only in Trustee's case to approval by the Bankruptcy Court.

2.      All of the recitals stated above are incorporated by reference as if fully set forth herein.

3.      In accordance with the terms of the Lease, the Lease terminated prior to the Petition Date, which removed any need or ability for the Trustee or Debtor to reject or assume and assign the Lease by motion to otherwise.

4.      After the first date that each Party has signed and delivered this Stipulation to the other Party, the Trustee shall (i) provide the Landlord access to the Premises solely for the purpose of inspection, and (ii) submit this Stipulation to be so ordered by the Bankruptcy Court and shall make all commercially reasonable efforts to have the Stipulation so ordered within fifteen (15) days of execution by the Parties.

5.      Effective upon entry of an order by the Bankruptcy Court approving and so ordering this Stipulation:

(a) the Trustee waives any possessory right or interest the Trustee or Debtor's estate may have, if any, to the Premises;

(b) the Trustee shall deliver to Landlord any and all keys, passwords, codes and other objects or information in the Trustee's possession necessary for access to and use of the Premises;

(c) to the extent it applies, the automatic stay of Debtor's bankruptcy shall be lifted and vacated to the extent necessary to permit Landlord to exercise all possessory rights over the Premises;

(d) Landlord waives any claim against Debtor's bankruptcy estate for post-petition use and occupancy of the Premises; and

(e) the Trustee and the Clerk of the Court are each authorized to take any and all actions that are necessary or appropriate to give effect to this Stipulation.

6.      Each Party does not waive or impair and reserves all rights and claims except as expressly set forth herein.

7.      For avoidance of doubt, Landlord reserves the right to assert (i) claims against Debtor's bankruptcy estate, and any guarantors or other obligors pursuant to the Lease and applicable law, for any and all amounts accrued and damages suffered prior to the Petition Date and for damages resulting from termination of the Lease due to Debtor's breach, default and failure or refusal to cure, and (ii) claims against any guarantors or other obligors pursuant to the Lease and applicable law, other than the Debtor's bankruptcy estate, arising from use and occupancy of the Premises after the Petition Date.

8.      Each Party signing this Stipulation represents and acknowledges that such Party has the authority to so execute and bind itself, and the Party or Parties for which it is signing this Stipulation, to all of the terms set forth herein.

9.      This Stipulation may be executed in counterparts and all executed counterparts taken together shall constitute one document.

10.     The Bankruptcy Court ~~shall~~ ***may*** retain jurisdiction to interpret, enforce, and resolve any disputes arising under or related to this Stipulation.

Dated: March 9, 2021                    **THE LAW OFFICES OF AVRUM J. ROSEN, PLLC**

*/s/ Avrum J. Rosen*
Avrum J. Rosen
38 New Street
Huntington, New York 11743
Tel: (631) 423-8527
Email: arosen@ajrlawny.com

*Counsel to Chapter 7 Trustee for the estate of*
*QB Wash LLC dba Blvd Auto Spa*

**ROSENBERG & ESTIS, P.C.**

*/s/ John D. Giampolo*
John D. Giampolo
733 Third Avenue
New York, New York 10017
Tel: (212) 551-1273
Email: jgiampolo@rosenbergestis.com

*Counsel to 138-77 Queens Blvd LLC*

**IT IS SO ORDERED.**

**Dated: Brooklyn, New York**                              **Elizabeth S. Stong**
**March 16, 2021**                              **United States Bankruptcy Judge**