**Law Offices of Avrum J. Rosen, PLLC**  
*Attorneys for David J. Doyaga, Sr., Chapter 7 Trustee*  
38 New Street  
Huntington, New York 11743  
(631) 423-8527  
Avrum J. Rosen, Esq.  
Alex E. Tsionis, Esq.  

**Presentment Date: April 16, 2021**  
**Objection Deadline: April 9, 2021**  
**Hearing on Objections, if any: April 27, 2021**  
**at 10:30 a.m.**

UNITED STATES BANKRUPTCY COURT  
EASTERN DISTRICT OF NEW YORK  
----------------------------------------------------------x  
In re:                                                                Chapter 7  

    QB WASH LLC                                    Case No.: 21-40301-ess  
    *dba* BLVD AUTO SPA,  

                                     Debtor.  
----------------------------------------------------------x  

## APPLICATION OF DAVID J. DOYAGA, SR., TRUSTEE FOR THE ENTRY OF AN ORDER PURSUANT TO RULE 2004 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE DIRECTING <u>CERMELE & WOOD LLP TO PRODUCE DOCUMENTS</u>

**TO:**    **THE HONORABLE ELIZABETH S. STONG,**  
        **UNITED STATES BANKRUPTCY JUDGE:**

David J. Doyaga, Sr., the Chapter 7 the Trustee (the "<u>Trustee</u>") of the Estate of QB Wash LLC *dba* Blvd Auto Spa (the "<u>Debtor</u>"), by and through his attorneys, the Law Offices of Avrum J. Rosen, PLLC, respectfully submits this as and for his application (the "<u>Application</u>") for the entry of an Order directing Cermele & Wood LLP ("<u>CW</u>") to produce documents pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), and respectfully states as follows:

## BACKGROUND INFORMATION

### A. <u>Procedural Background</u>

1.     On February 8, 2021 (the "<u>Petition Date</u>"), the Debtor commenced a voluntary petition for relief under Chapter 7, Title 11, United States Code (the "<u>Bankruptcy Code</u>").

1

2.  David J. Doyaga, Sr. was appointed the interim Chapter 7 trustee of the Debtor's bankruptcy estate and, by operation of law, became the permanent Chapter 7 trustee of the Debtor's bankruptcy estate.

3.  The Debtor is a corporate entity and is represented by counsel.

**B.  The Lease**

4.  Prior to the Petition Date, the Debtor's predecessor-in-interest, Blvd Wash & Lube Ltd., entered into a nonresidential lease (the "Lease") for the premises commonly known as 138-77 Queens Boulevard and 138-11 87th Avenue, Jamaica, New York 11435 (the "Premises").

5.  On or about January 8, 2016, the Lease was assigned to the Debtor.

6.  On or about August 27, 2020, 138-77 Queens Blvd LLC (the "Landlord") issued a notice to the Debtor asserting, among other things, that pursuant to the Lease, the Lease terminated effective September 3, 2020 due to the Debtor's default.

7.  On or about September 4, 2020, the Landlord commenced a commercial ejectment action against the Debtor captioned as *138-77 Queens Blvd LLC v. QB Wash LLC and XYZ Corp.*, Index No. 715071/2020, in the New York Supreme Court, Queens County, seeking to evict the Debtor from the Premises (the "Ejectment Action").

8.  The Debtor retained CW to represent it in the Ejectment Action.

**C.  The Transfer**

9.  On its Statement of Financial Affairs ("SOFA"), the Debtor disclosed that it transferred (the "Transfer") to CW the sum of $27,185.00 within 90 days of the Petition Date[1].

---

[1] *See* Dkt. No. 1, SOFA, Q. 3, 3.3.

10. The Trustee believes that this Transfer may be a recoverable preference payment under section 547 of the Bankruptcy Code.

11. In order to investigate the Transfer and to satisfy the Trustee's due diligence requirement under section 547(b) of the Bankruptcy Code, the Trustee sent a letter (the "Letter") dated February 19, 2021 to CW requesting information concerning the Transfer. A copy of the Letter is annexed hereto as **Exhibit "A"**.

12. Ultimately, CW refused to provide the Trustee with the information/documents requested in the Letter and continues to remain uncooperative.

13. Accordingly, the Trustee is forced to file the instant Application in order to: (i) better understand the Transfer; and (ii) determine whether the Transfer is a recoverable preference payment under section 547 of the Bankruptcy Code.

14. It is against this backdrop that the Trustee seeks CW's production of documents.

## RELIEF REQUESTED

15. By this Application, the Trustee seeks an Order of this Court, substantially in the form of the proposed Order annexed hereto, compelling CW to produce the documents specified in Schedule "A" to the proposed subpoena. The Trustee reserves his right to request the production of additional documents.

## DISCUSSION

### *Rule 2004 Relief*

16. Rule 2004 of the Bankruptcy Rules provides, in pertinent part, as follows:

(a) Examination on Motion. On Motion of any party in interest, the court may order the examination of any entity.

(b) Scope of Examination. The examination of any entity under this rule or of the debtor under §343 of the Code may relate only to the acts, conduct,

>or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge . . . [T]he examination may also relate to the operation of any business and the desirability of its continuance, the source of any money or property acquired by the debtor for purposes of consummating a plan and the consideration given therefor, and any other matter relevant to the case or to the formulation of a plan.
>
>(c) Compelling Attendance and Production of Documents. The attendance of an entity for examination and for the production of documents, whether the examination is to be conducted within or without the district in which the case is pending, may be compelled as provided in Rule 9016 for the attendance of a witness at a hearing or trial.  As an officer of the court, an attorney may issue and sign a subpoena on behalf of the court for the district in which the examination is to be held if the attorney is admitted to practice in that court or in the court in which the case is pending.

Fed. R. Bankr. P. 2004(a), (c), (d).

17. As a threshold matter, the Trustee has the absolute right to be heard in this case pursuant to 11 U.S.C. § 1109(b) ("A party in interest, including the debtor, the trustee, a creditors' committee, an equity security holders' committee, a creditor, an equity security holder, or any indenture trustee, may raise and may appear and be heard on any issue in a case under this chapter.").

18. Examinations under Rule 2004 include within their scope, *inter alia,* any matter that may relate to the property and assets of the estate; the financial condition of the debtor; any matter that may affect the administration of a debtor's estate; and, in a chapter 11 case, any matter relevant to the case or to the formation of a plan. *See* Fed. R. Bankr. P. 2004(a), (c) and (d).  Court have consistently recognized that the scope of discovery under Bankruptcy Rule 2004 is extraordinarily broad. *See e.g., In re Ionosphere Clubs, Inc.,* 156 B.R. 414, 432 (S.D.N.Y. 1993) (likening the scope of a Rule 2004 examination to a 'fishing expedition'); *In re Bakalis,* 199 B.R. 443, 447 (Bankr. E.D.N.Y. 1996); *In re Bennett Funding Group, Inc.,* 203 B.R. 24, 28 (Bankr.

N.D.N.Y. 1996) (holding that the scope of a Rule 2004 examination is "admittedly unfettered and broad". (citations omitted).

19.     The discovery sought by this Application goes directly to the acts, conduct and administration of the Debtor's estate.  Specifically, the Trustee seeks, *inter alia,* information relating to the Debtor's finances and prior financial dealings. Accordingly, the requested discovery is directly related to the "acts, conduct or property or to the liabilities of the Debtor's estate and is appropriate under Rule 2004.

### *The Trustee Holds the Attorney-Client Privilege*

20.     In *Commodity Futures Trading Comm. v. Weintraub*, the Supreme Court held that a Chapter 7 Trustee may waive the attorney/client privilege on behalf of a corporate debtor. *See Commodity Futures Trading Com v. Weintraub*, 471 U.S. 343, 352-54 (1985). A corporation is an inanimate legal entity that is only capable of acting through its human agents. *Id.* at 348. The power to exercise the corporate attorney-client privilege rests with the corporation's officers and directors. *Id.* When control of a corporation passes to new management, authority to assert the attorney-client privilege passes as well. *Id.* at 349. The role of the Trustee most closely parallels that of the corporation's management. *Id.* at 353. "Given that the debtor's directors retain virtually no management powers, they should not exercise the traditional management function of controlling the corporation's attorney-client privilege…" *Id.*

[*Remainder of Page Intentionally Left Blank*]

21.     Here, the Debtor is a corporate entity. As such, the Debtor is only capable of acting through its human agents. Upon the filing of this Chapter 7 case, the control of the Debtor and its attorney-client privilege passed to the Trustee. As such, the Debtor's officers and directors retain no management power and the authority to waive the attorney client-privilege vests solely with the Trustee. Therefore, and for the purposes of CW providing the requested documents and information in Schedule "A", the Trustee hereby waives the attorney-client privilege between the Debtor and CW.

**WHEREFORE,** the Trustee respectfully requests that this Court grant the Application in its entirety and enter an Order, substantially in the form of the proposed Order annexed hereto, and grant any such further relief as this Court deems just and proper under the facts and circumstances herein.

Dated: March 19, 2021                                         Respectfully submitted,
       Huntington, New York

                                                  **Law Offices of**
                                                  **Avrum J. Rosen, PLLC**
                                                  *Counsel to David J. Doyaga, Sr.*
                                                  *Chapter 7 Trustee of the Estate*
                                                  *of QB Wash dba Blvd Auto Spa*

                                 By:     */s/ Alex E. Tsionis*
                                                  Alex E. Tsionis, Esq.
                                                  Avrum J. Rosen, Esq.
                                                  38 New Street
                                                  Huntington, New York 11743
                                                  (631) 423-8527
                                                  atsionis@ajrlawny.com
                                                  arosen@ajrlawny.com