WINDELS MARX LANE & MITTENDORF, LLP
*Attorneys for 138-77 Queens Blvd LLC*
156 West 56th Street
New York, New York 10019
Telephone (212) 237-1000
Attorney Appearing: Leslie Barr (lbarr@windelsmarx.com)

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>QB WASH LLC,<br><br>        Debtor. | Chapter 7<br><br>Case No. 1-21-40301-ess |

**RESPONSE AND CONDITIONAL OBJECTION OF**
**138-77 QUEENS BLVD LLC TO PROPOSED STIPULATION AND ORDER**
**BETWEEN THE TRUSTEE AND WASH FUNDING LLC**

**TO THE HONORABLE ELIZABETH S. STONG,**
**UNITED STATES BANKRUPTCY JUDGE**:

   138-77 Queens Blvd LLC ("***Landlord***"), by and through its attorneys, Windels Marx Lane & Mittendorf, LLP, respectfully submits this conditional objection to the proposed *Stipulation and Order* between David J. Doyaga, Sr. ("***Trustee***"), trustee for the chapter 7 bankruptcy estate (the "***Estate***") of QB Wash LLC d/b/a Blvd Auto Spa ("***Debtor***"), and Wash Funding LLC ("***Wash Funding***"), filed on May 28, 2021 (Doc. 36) (the "***Proposed Stipulation and Order***"); and in support, states as follows:

## Introduction

   1.  As set forth below, the Proposed Stipulation and Order contains disputed factual assertions and legal conclusions that would be prejudicial to Landlord if adopted by the Court and deemed binding on Landlord in later proceedings. Accordingly, Landlord respectfully requests the Court qualify any approval of the Proposed Stipulation and Order with a proviso that

the assertions of fact and conclusions of law therein are without prejudice to Landlord, and conditionally objects to the Proposed Stipulation and Order on that basis.[1]

## Background

2. Debtor's business consisted of a car wash and oil change operation conducted at a single location in Jamaica, Queens (the "*Business Premises*") owned by Landlord. Debtor ceased paying Landlord rent starting in March 2020, and owed Landlord over $370,000 as of February 8, 2021, when it filed its bankruptcy petition commencing the present case. Landlord's claim represents approximately 60% of Debtor's total unsecured claims.

3. Debtor's bankruptcy petition and accompanying schedules (Doc. 1) listed a single secured creditor, Wash Funding, which purported to hold a $2.2 million claim. In June 2020 (misidentified in the Proposed Stipulation and Order as June 2021), at a time when Debtor was in default on the payment of rent to Landlord, Wash Funding filed a UCC-1 Financing Statement with the New York State Department of State, purporting to perfect a lien on certain personal property, fixtures and equipment of Debtor (the "*Personal Property*").

4. At the initial meeting of creditors in this case, Debtor's principal, Zachary Silver, admitted that Wash Funding is in fact owned by his family.

5. Landlord's investigation has further found that Wash Funding was formed in April 2020, after Debtor had defaulted on rent to Landlord. In addition, discovery obtained from Debtor's bank in Landlord's prepetition state court eviction action shows that at no time after its formation did Wash Funding advance Debtor any funds.

6. The lease between Landlord and Debtor for the Business Premises, dated June 2, 2010 (the "*Lease*"), addresses title to the Personal Property following termination of the Lease.

---

[1] Landlord does not object to the provisions of the Stipulation avoiding Wash Funding's asserted security interest in personal property of Debtor.

It provides, in relevant part, that "any fixtures, machinery and equipment installed by Tenant that is affixed or attached to the realty shall belong to [Landlord] upon expiration of this Lease." Lease ¶ 69. The Lease further provides that "[i]f Tenant vacates or is otherwise dispossessed and fails to remove any removable trade fixtures, machinery or other personal property, such fixtures, machinery and personal property shall be deemed abandoned by Tenant and shall become the property of [Landlord] . . . ." *Id.*

7. Here, the Trustee and Landlord entered into, and the Court so-ordered, a Stipulation and Order Concerning Prepetition Termination of Nonresidential Real Property Lease (Doc. 19) (the "**Lease Termination Order**"), which provided that "the Lease terminated prior to the Petition Date, which removed any need or ability for the Trustee or Debtor to reject or assume and assign the Lease by motion or otherwise." Lease Termination Order at ¶ 3. Pursuant to the Lease Termination Order, Landlord resumed possession of the Business Premises on March 16, 2021.

## Response and Conditional Objection

8. The Proposed Stipulation and Order, in addition to avoiding Wash Funding's asserted lien on the Personal Property, states, *inter alia*, that (1) "any Personal Property which [Wash Funding] had an alleged lien and or security interest in is property of the Debtor's Estate," (¶ 2) and (2) Wash Funding's security interest in the Personal Property "is preserved for the benefit of the estate pursuant to section 551 of the Bankruptcy Code" (¶ 1).

9. Landlord disputes both assertions. First, as to the claim that the Personal Property is "property of the Debtor's Estate," under the terms of the above-cited Lease provision, Personal Property that was "affixed or attached" to the Business Premises became Landlord's property prior to commencement of this case and never was part of the Estate. Title to the other Personal

Property vested in Landlord and ceased to be part of the Estate when it was left in the Business Premises at the time Landlord resumed possession pursuant to the Lease Termination Order.

10. Second, as to the asserted preservation of Wash Funding's lien, Landlord disputes that any lien on the Personal Property exists, pursuant to Bankruptcy Code § 551 or otherwise. Landlord disputes that Wash Funding held any *bona fide* debt, that its security interest was valid under state law at inception, or that any security interest remained following Landlord's later accession to title to the Personal Property pursuant to the terms of the Lease.

11. In addition, in light of the fact that the Personal Property is not property of the Estate, Landlord disputes that Section 551 of the Bankruptcy Code has any application, given that such section by its terms applies "only with respect to property of the estate."

**WHEREFORE**, Landlord conditionally objects to the Proposed Stipulation and Order, and respectfully requests the Court qualify any approval thereof with a proviso that the assertions of fact and conclusions of law therein are without prejudice to Landlord.

Dated: New York, New York
June 2, 2021

Respectfully submitted,

WINDELS MARX LANE & MITTENDORF, LLP
*Counsel for 138-77 Queens Blvd LLC*

By: */s/ Leslie S. Barr*
Leslie S. Barr (lbarr@windelsmarx.com)
156 West 56th Street
New York, New York 10019
Tel. (212) 237-1000 / Fax. (212) 262-1215