Hearing Date and Time: July 27, 2021 at 10:30 a.m.

WINDELS MARX LANE & MITTENDORF, LLP
*Attorneys for 138-77 Queens Blvd LLC*
156 West 56th Street
New York, New York 10019
Telephone (212) 237-1000
Attorney Appearing: Leslie Barr (lbarr@windelsmarx.com)

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>QB WASH LLC,<br>  *d/b/a* Blvd Auto Spa,<br><br>                Debtor. | Chapter 7<br><br>Case No. 1-21-40301-ess |

**138-77 QUEENS BLVD LLC'S REPLY TO CHAPTER 7 TRUSTEE'S**
**RESPONSE TO ITS MOTION FOR AN ORDER PURSUANT TO RULE 2004**
**OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE DIRECTING**
**THE PRODUCTION OF DOCUMENTS BY AND ORAL EXAMINATION OF**
**THE DEBTOR'S PRINCIPAL AND CERTAIN RELATED PARTIES**
**<u>AND THE PRODUCTION OF DOCUMENTS BY THE DEBTOR</u>**

**TO THE HONORBALE ELIZABETH S. STONG,**
**UNITED STATES BANKRUPTCY JUDGE:**

138-77 Queens Blvd LLC, by and through its attorneys, Windels Marx Lane & Mittendorf, LLP, respectfully submits this reply to the Response of the Chapter 7 Trustee (the "***Response***," Doc. 56) to the Motion of 138-77 Queens Blvd LLC for an Order Pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure Directing the Production of Documents by and Oral Examination of the Debtor's Principal and Certain Related Parties and the Production of Documents by the Debtor (the "***Motion***," Doc. 43); and states as follows:[1]

1. New information disclosed in the Chapter 7 Trustee's just-filed Response provides additional grounds for granting the Motion.

2.  First, the Chapter 7 Trustee has reported an agreement in principle to settle the Estate's claims against the Silvers. Response ¶ 13. As Landlord previously discussed, Motion ¶ 56, the disclosure Landlord seeks is therefore now also needed to enable Landlord to reach an informed view of the merits thereof, and enable the Court to "make an informed and independent judgment of whether [the] settlement is 'fair and equitable' and in the best interests of the estate," *In re Telcar Group, Inc.*, 363 B.R. 345, 352 (Bankr. E.D.N.Y. 2007), giving "proper deference to [creditors'] reasonable views." *In re Spielfogel*, 211 B.R. 133, 144 (Bankr. E.D.N.Y. 1997).

3.  Second, the Chapter 7 Trustee has disclosed that he previously requested and received some of the documents requested by Landlord, Response ¶ 7, further refuting the Silvers' claim that the disclosure sought by Landlord constitutes an undue burden.

4.  These documents are also now properly produced to Landlord by the Chapter 7 Trustee pursuant to Section 704(a)(7) of the Bankruptcy Code, which directs that "unless the court orders otherwise, [a trustee shall] furnish such information concerning the estate and the estate's administration as is requested by a party in interest." *See In re MF Glob. Holdings Ltd.*, No. 11-15059 MG, 2012 WL 734195, at *5 (Bankr. S.D.N.Y. Mar. 6, 2012) ("a trustee's information sharing duties [under Section 704(a)(7)] are broad, reflecting the Bankruptcy Code's policy of keeping parties-in-interest informed") (citing *In re Refco Inc.*, 336 B.R. 187, 193 (Bankr. S.D.N.Y. 2006)).

5.  The Chapter 7 Trustee discusses at length the steps he has taken to investigate the Estate's claims, detailing his investigation of Wash Funding, *id.* ¶¶ 6-8, and his inquiry into the Debtor's payments to Cermele & Wood LLP, *id.* ¶¶ 10-11.

---

1   Capitalized terms not defined herein have the respective meanings ascribed in the Motion and in Landlord's Reply to Objections ("**Reply to Objections**") (Doc. 54).

6.  The Chapter 7 Trustee's narrative, however, wholly omits any discussion of the approximately $200,000 operating deficit of Debtor in the year leading up to its bankruptcy filing that is documented in the Motion, ¶¶ 43-46 and Ex. G.  As a prerequisite for the approval of any settlement, the Chapter 7 Trustee should be required to come forward with *some* reasoned explanation for unexplained losses on this scale, particularly given the presence of insiders who have admittedly directed other funds of the Debtor both to themselves and to multiple third parties during the period that the Debtor was insolvent and failing to pay its bills.  The Chapter 7 Trustee's failure to even acknowledge the substantial deficit detailed in the Motion raises significant concerns regarding the extent and adequacy of his investigation.

7.  The Chapter 7 Trustee also dismisses the issue of Debtor's unaccounted-for cash receipts, in the range of approximately $100,000 to $200,000, Motion ¶ 40, stating that "[a]ttempting to trace the use of cash in this type of business (a carwash and lube) is extremely difficult and extremely expensive."  Response ¶ 9.  In fact, quantifying missing cash is somewhat time-consuming but neither difficult nor expensive where a company uses a point-of-sale system, as the Debtor did, allowing direct comparison of electronic payment receipts with the service tickets issued.

8.  The Chapter 7 Trustee cites the Silvers' cooperation with his requests, production of documents, and avoidance of Wash Funding's putative lien "without the need for litigation" as a virtue.  Response ¶¶ 7, 8, 16.  Another interpretation is that the Silvers have readily complied with his limited document requests and apparent failure to require any examination under oath (beyond a 341 Meeting that lasted less than a half-hour) because larger payments have gone undiscovered.

9. The Chapter 7 Trustee also fails to explain how Landlord's investigation could disserve the Estate. He asserts that he "hopes that the recoveries in this case will not be consumed by needles [sic] litigation," Response ¶ 16, but does not explain how the disclosure Landlord seeks would impair such recoveries. In fact, Landlord's investigation will be conducted without cost or expense to the Estate, and Landlord stands ready to complete it expeditiously. There can be no detriment to the Estate from the thorough investigation that Landlord proposes to conduct.

10. The Chapter 7 Trustee embraces the Silvers' narrative, asserting without any support that "[t]he litigation between the Landlord and the Debtor was vitriolic and is clearly personal in nature." *Id.* As shown previously in Landlord's Reply to Objections, ¶ 3 and Exs. L-M, this claim is without factual basis.

11. Finally, the Chapter 7 Trustee discusses a claim he says he possesses against Landlord, and offers a narrative of the parties' negotiations. The Chapter 7 Trustee does not explain how this putative claim is relevant to the Motion, but appears to offer the discussion to portray Landlord and its 25% owner and manager, Ethan Wohl, as having failed to conduct themselves appropriately in these proceedings.

12. In fact, when the Chapter 7 Trustee and Landlord negotiated their stipulation terminating the Lease (the "***Lease Termination Stipulation***," Doc. 19), the Chapter 7 Trustee maintained that he intended to abandon the Debtor's personal property by separate motion on notice after entry of the stipulation. Landlord's express purpose in entering into the Lease Termination Stipulation, thereby waiving its administrative priority claim under Section 365(d)(3) of the Bankruptcy Code, was to obtain immediate possession of the Demised Premises for the purpose of re-letting them without delay.

13. Only after entering into the Lease Termination Stipulation did the Chapter 7 Trustee advise that he believed the Debtor's personalty had value, and that Landlord should pay for it. On the advice of its prior counsel, Landlord then reluctantly acceded to paying the Estate $25,000 for such property.

14. The Chapter 7 Trustee, however, then maintained that an additional payment from Landlord was required for it to immediately proceed with resuming operation of the Demised Premises with the equipment formerly used by the Debtor in place. The Chapter 7 Trustee's additional demand prompted Mr. Wohl to conduct independent legal research and consult with other bankruptcy counsel. Based on his research and these consultations, he concluded there was no colorable basis for the Chapter 7 Trustee's claims.

15. For reasons previously communicated to the Chapter 7 Trustee and set forth in part in Landlord's Response and Conditional Objection to Proposed Stipulation and Order Between the Trustee and Wash Funding LLC (Doc. 38), Exhibit N attached, the Chapter 7 Trustee's claim is entirely without merit.

16. Apart from the claim's lack of merit, Landlord questions the Chapter 7 Trustee's decision to pursue the claim. Landlord has suffered losses from Debtor's default of close to $500,000, and its claim as of the petition date represented more than 60% of the total value of all non-related-party claims against the Estate. Ex. B. Prior to the Debtor's default, rental income received by Landlord provided the majority of the income for Landlord's principal owner, Maureen Wohl, a 92-year-old widow. As a result of losing rental income and incurring large out-of-pocket expenses by reason of Debtor's default, her 2020 adjusted gross income was reduced to just $1,447. Under these circumstances, it is difficult to understand how the Chapter

7 Trustee could conclude that his fiduciary duties to creditors justify seeking to further deepen Landlord's and Mrs. Wohl's losses.

**WHEREFORE**, Landlord requests that the Court grant the Motion in its entirety and enter an Order substantially in the form attached as **Exhibit 2** to the Motion, together with such other and further relief as is just.

Dated: New York, New York  
       July 25, 2021

Respectfully submitted,

WINDELS MARX LANE & MITTENDORF, LLP  
*Counsel for 138-77 Queens Blvd LLC*

By: */s/ Leslie S. Barr*  
     Leslie S. Barr (lbarr@windelsmarx.com)  
     156 West 56th Street  
     New York, New York 10019  
     Tel. (212) 237-1000 / Fax. (212) 262-1215